# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**DWIGHT L. JACKSON**  **PETITIONER**
ADC #096622

V.  NO. 2:19-CV-60-JM-BD

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  **RESPONDENT**

## ORDER

On June 3, 2019, Petitioner Dwight Jackson filed a *pro se* petition for writ of habeas corpus relief under 28 U.S.C. § 2254 (Docket entry #2) Respondent Kelley timely responded, raising three arguments for dismissal. (#12) In particular, Respondent argued that the petition should be dismissed due to Mr. Jackson's failure to exhaust his state remedies. Rather than dismiss the petition, the Court will stay the federal petition and allow Mr. Jackson an opportunity to exhaust his state remedies.

Following his guilty plea and sentencing, Mr. Jackson sought post-conviction relief in state court under Arkansas Rule of Criminal Procedure 37.1. (#12-5) After a hearing on the petition, the Court ruled from the bench, denying Rule 37 relief. (#12-6 at 15) The Rule 37 Order was signed on July 31, 2019; however, it was not filed until August 1, 2019. (#12-7)

Until the order was entered of record, Mr. Jackson had no order from which to appeal. See ARK. SUP. CT. ADMIN. ORDER 2(b)(2) (judgment or order is entered when it is stamped by the clerk); *Zimmerman v. Cir. Ct. of Miller Co.*, 2018 ARK. 264, at 5 (holding an oral order announced from the bench does not become effective until reduced

to writing and filed as required by Admin. Order No. 2). Furthermore, the time for filing a notice of appeal from the August 1, 2019 order has not yet expired. See ARK. R. APP. P.–CRIM. 2(a)(4) (notice of appeal must be filed within 30-days of entry of order denying Rule 37 relief).

Accordingly, because Mr. Jackson still has time to exhaust his state court remedies should he wish to do so, this Court will stay his federal habeas petition. A stay will allow Mr. Jackson to raise his federal constitutional claim in Arkansas's appellate courts without running afoul of the federal one-year statute of limitations for filing a federal petition. A stay-and-abeyance is appropriate in this circumstance. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (where a petitioner has good cause for confusion about state filings, has presented potentially meritorious claims, and has not engaged in intentionally dilatory tactics, a district court should stay rather than dismiss petition). A stay is the appropriate course here even though it appears that Mr. Jackson has presented only an unexhausted claim. See *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009) (noting that the Supreme Court in *Pace* sanctioned the use of the stay-and-abeyance procedure in a context outside that of mixed petitions). Accordingly, Mr. Jackson's petition is STAYED.

The Clerk of Court is directed to administratively terminate this case. Mr. Jackson will have 30 days from the conclusion of his state proceedings to file a motion to reopen this case. After the case is reopened, both parties will have the opportunity to amend their pleadings.

DATED this 20th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE