**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**DWIGHT L. JACKSON**                                                     **PETITIONER**
**ADC #096622**

**V.**                    **CASE NO. 2:19-CV-60-JM-BD**

**DEXTER PAYNE, Director,
Arkansas Division of Correction**[1]                             **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Either party may file written objections with the Clerk of Court if they disagree with the findings or conclusions set out in the Recommendation. To be considered, however, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If the parties do not file objections, they may be deemed to have waived the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

---

[1] Since this case began, Dexter Payne has succeeded Wendy Kelley as Director of the Arkansas Department of Correction, and that office has been renamed the Arkansas Division of Correction. See ARK. CODE ANN. § 25-43-402(a)(5) (Supp. 2019); FED. R. CIV. P. 25(d). Accordingly, the Clerk is directed to update the docket sheet to reflect Director Payne's correct title.

II. **<u>Background</u>:**

On August 7, 2018, Petitioner Dwight Jackson pleaded guilty to three counts in two separate cases in Little River County Circuit Court: residential burglary (41CR-18-72); commercial burglary and felon-in-possession-of-a-firearm (41CR-18-59).[2] The circuit court sentenced Mr. Jackson as a habitual offender to 360 months' imprisonment in the Arkansas Division of Correction in each case, with the sentences to run concurrently. (*Id.*)

Although Mr. Jackson timely sought post-conviction relief in both circuit court cases by filing *pro se* Rule 37 petitions on November 16, 2018, only the petition challenging his residential-burglary conviction (41CR-18-72) was decided. (#18-2) In that petition, Mr. Jackson argued that he opted to plead guilty only because his trial counsel failed to investigate the State's evidence supporting the residential burglary charge. (#18-2 at 3) Consequently, he contends that he did not plead guilty voluntarily. (*Id.*) After an April 2, 2019 hearing on the petition, the circuit court denied postconviction relief from the bench. (#12-6 at 15) The order reflecting the court's ruling, however, was not filed until August 1, 2019. (#12-7, #18-3)

In the time between the state postconviction hearing and the accompanying order being filed, Mr. Jackson filed a *pro se* federal habeas corpus petition on June 3, 2019. (#2) In it, Mr. Jackson challenged only his residential burglary conviction (41CR-18-72),

---

[2] See Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Jackson*, 41CR-18-72, Plea (Aug. 15, 2018), Sentencing Order (Aug. 15, 2018); *State v. Jackson*, 41CR-18-59, Plea (Aug. 17, 2018), Sentencing Order (Aug. 17, 2018).

arguing that his trial counsel acted ineffectively when he failed to challenge the State's evidence. (*Id*. at 5)

In response to the federal petition, Director Payne raised three arguments for dismissal, including failure to exhaust available state remedies. (#12) Rather than recommending dismissal of the petition, this Court stayed the federal case on August 20, 2019, and notified Mr. Jackson that, if he acted quickly, he could still exhaust his state remedies. (#13)

Mr. Jackson moved to reopen his federal case on September 9, 2019. (#14) Thereafter, he filed an amended petition. (#17) In his amended petition, he asserts that he is actually innocent of residential burglary as well as possessing a firearm. (#17 at 1). By asserting actual innocence for the firearm possession, he broadens his petition for habeas relief to encompass both Little River County cases. Specifically, he argues that his trial counsel did not adequately investigate the charges against him and, in fact, misrepresented the charges and sentences to which Mr. Jackson would plead.

Respondent maintains that Mr. Jackson procedurally defaulted all claims and that federal habeas corpus relief is, therefore, unavailable. In the alternative, Respondent argues that Mr. Jackson's claims are without merit. (#18)

**III.     Discussion:**

    A.     Multiple Judgments

Rule 2(e) of the Rules Governing §2254 cases provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgments or judgments of each court." Thus, the rules specifically mandate

a separate action for each judgment. Nevertheless, because Mr. Jackson is serving concurrent sentences in the burglary cases, <u>and</u> because habeas relief for both cases is procedurally defaulted in any event, the Court will address the cases as one for purposes of this Recommendation.

B.     Procedural Default

Federal habeas corpus relief lies for state prisoners whose custody violates either the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). A court cannot issue a writ of habeas corpus, however, unless the applicant has exhausted available state remedies prior to filing the petition. § 2254(b)(1)(A). A claim is deemed exhausted only where the petitioner has "present[ed] his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992).

Under Arkansas law, an order is considered entered when it is stamped by the clerk. See ARK. SUP. CT. ADMIN. ORDER 2(b)(2). In this case, although the circuit judge orally denied Mr. Jackson's Rule 37 petition on the day of the hearing in April 2019, the judge did not file the decision in the record until August 1, 2019. As a result, Mr. Jackson had no order from which to appeal until the order was entered of record on August 1. *Zimmerman v. Cir. Ct. of Miller Co.*, 2018 ARK. 264, at 5 (holding an oral order announced from the bench does not become effective until reduced to writing and filed as required by Admin. Order No. 2).

Although Mr. Jackson timely filed his federal petition for habeas relief in June of 2019, the petition was premature because he had not exhausted his state remedies at that time. Exhaustion required an appeal of the denial of Rule 37 relief within thirty days of the entry of order. See ARK. R. APP. P. –CRIM. 2(a)(4) (notice of appeal must be filed within 30-days of entry of order denying Rule 37 relief). Recognizing that time for exhausting his state remedies remained, this Court *sua sponte* stayed Mr. Jackson's federal claim on August 20, 2019, to allow him the opportunity to exhaust his state court remedies should he wish to do so.

Mr. Jackson did not pursue an appeal of the denial of his Rule 37 petition, and the time for doing so has now passed. Even had Mr. Jackson appealed the Rule 37 order, only those arguments raised in the Rule 37 petition would be preserved for federal review. Thus, because Mr. Jackson expands his federal arguments beyond those raised in his Rule 37 petition, those arguments would be procedurally defaulted in any event. Accordingly, Mr. Jackson's ineffective-assistance-of-counsel claims are procedurally defaulted.

    C.    Overcoming Default

A habeas petitioner's default can be excused, but only if he can demonstrate cause for the default and actual prejudice or if he can demonstrate that a failure to consider the claims would result in a fundamental miscarriage of justice because he is actually innocent. *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when some objective factor external to the defense impeded the petitioner's

5

efforts to comply with the state's procedural rules. *Id*. at 313 (citing *Coleman*, 501 U.S. at 753).

Mr. Jackson attempts to excuse his default by pointing to the "unusual special circumstances" that existed as a result of the circuit court's failure to reduce its oral ruling to a written order in what Mr. Jackson asserts would have been a "timely manner." (#17 at 4) While there was some delay, that did not reduce the time Mr. Jackson had to appeal the ruling. In fact, Mr. Jackson was given express notice of the law when this Court issued its order staying his case. (#13) Mr. Jackson's failure to heed that notice and file an appeal is not cause to excuse default.

Further, Mr. Jackson's claims of actual innocence cannot serve as cause to excuse his default. Under *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) and its progeny, allegations of constitutional error must be supported by new, reliable evidence that was *not* available at trial; and, that new evidence must demonstrates that, more likely than not, no jury would have convicted in the light of the new evidence. *Id*. For evidence to be considered "new," it must not only have been unavailable at trial, but also, not discoverable through the exercise of due diligence. *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (citing *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001).

Mr. Jackson pleaded guilty. In so doing, he admitted to entering a house without permission and knowingly taking items that did not belong to him. (#12-3 at 10-11) He also admitted that, after a felony conviction, he entered a commercial building and took a firearm. (#12-3 at 9-10). At his Rule 37 hearing, Mr. Jackson admitted that he knowingly pleaded guilty to commercial burglary and possessing a firearm. (#12-6 at 7) Further, he

6

admitted that he had not lied during the plea hearing. (#12-6 at 10) Mr. Jackson has not pointed to any new evidence that was unavailable at his plea or that would negate his guilty plea. Nor does Mr. Jackson point to any new case law handed down after his guilty plea that narrows the elements of the crime to which he pleaded guilty. See *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Finally, Mr. Jackson cites to his lack of counsel during his Rule 37 proceedings to excuse his default, citing *Martinez v. Ryan*, 566 U.S. 1 (2012). (#17 at 4) *Martinez* provides a narrow exception to excuse the procedural default of substantial claims of ineffective-assistance-of-trial-counsel if, in the initial-review proceeding, the petitioner was not represented by counsel or if counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 17. For a claim to be considered "substantial," the petitioner must demonstrate that it has merit. *Martinez*, 566 U.S. at 16, see also *Slocum v. Kelley*, 854 F.3d 524, 531 (8th Cir. 2017).

To demonstrate that his ineffective-assistance claim is substantial, Mr. Jackson must show that his trial counsel's performance was deficient and that the deficient performance prejudiced him. See *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). This means that Mr. Jackson "must show that counsel's representation fell below an objective standard of reasonableness" and that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688 and 694. "[T]he likelihood of a different result must be substantial, not just conceivable." *Slocum v. Kelley*, 854 F.3d 524, 532 (8th Cir. 2017) (citations omitted).

7

Mr. Jackson's ineffective-assistance claim is not substantial. At his plea hearing, he testified that he had fully discussed the case with his attorney; he stated that he understood the charges against him; he testified that his plea was voluntary and intelligently made; and Mr. Jackson acknowledged that he understood he was facing a thirty-year sentence. (#12-3).

At his Rule 37 hearing, Mr. Jackson testified that he believed the residential burglary charge should have been a misdemeanor rather than a felony. (#12-6 at 9) Despite that, he admitted that at no point during his plea hearing had he lied. (#12-6 at 10). Given his admission of guilt and the record of both his guilty plea hearing and Rule 37 hearing, Mr. Jackson cannot demonstrate that his counsel performed deficiently or that he was prejudiced as a result of his guilty plea. Because Mr. Smith cannot demonstrate a likelihood of success, his ineffective-assistance-of-counsel claims cannot be considered substantial enough to overcome procedural default.

### IV.  **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Jackson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Jackson has not provided a basis for the Court to issue a certificate of appealability. Therefore, a certificate of appealability should not issued.

## V.     Conclusion:

The claims raised in Mr. Jackson's federal habeas petition are procedurally defaulted. Accordingly, the Court recommends that both his initial and amended petitions for writ of habeas corpus (#2 and #17) be DISMISSED, without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 7th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE